## WILLIAM MEAD v. SEABOARD SURETY COMPANY.[1]

December 18, 1936.

No. 30,983.

*Smith, Waldorf & Sehm,* for appellant.
*Paul C. Thomas,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff's action to recover a claimed balance upon a contract met with adverse findings, and he appeals from an order denying his motion for new trial.

In September, 1933, Megarry Brothers, a copartnership, entered into a road construction contract with the state. Defendant be-

[1]Reported in 270 N. W. 563.

came surety for the contractors' performance of the job pursuant to the requirements of 2 Mason Minn. St. 1927, § 9700, as amended by L. 1931, c. 229. In the performance of the contract it became necessary for the contractors to hire certain equipment from plaintiff. Accordingly, they entered into a written contract which, as far as here material, provides:

"Party of the second part [Megarry Brothers] agrees to rent 4 Cat Wagons for the sum of $600 per month plus $300 per month additional should they be used double shift. Party of the second part agrees to rent 2—60 Caterpillar Tractors for the sum of $600 per month, plus $300 per month additional should they be used double shift. Second party guarantees rental for 60 days."

In his complaint plaintiff alleged: "That said equipment was used on single and double shift from July 1, 1934, to and including August 5, 1934, and on single shift alone on August 6 and 7, 1934, *during which time the agreed rent which was accrued and earned amounted to $2,180,* no part of which has been paid except $1,480, and that there is due and owing plaintiff the balance of $700, with interest," etc. (Italics supplied.) The complaint was not amended nor was anything outside of the pleadings litigated by consent.

Defendant's answer was a general denial. The court found:

"That said equipment was used on single and double shift in the performance of said contract from July 1, 1934, to and including August 5, 1934, and on single shift alone on August 6 and 7, 1934, during which time the actual rental due under the contract, on the schedules therein provided, for single and double use, amounted to $2,180."

In addition thereto, the court found as a fact that Megarry Brothers duly paid to plaintiff's assignees $2,400 and that this sum constituted and was "the balance due under said contract" for the rental of the described equipment. Accordingly, the court directed that judgment be entered that plaintiff take nothing and that defendant have its costs and disbursements.

Plaintiff blandly admits that the $2,400 was duly and properly paid to his authorized assignees, but he contends that the guar-

anty clause, "second party guarantees rental for 60 days," means that plaintiff should recover, in addition to the guaranteed rental of $2,400, also the rental that accrued by virtue of the "double shift." In his brief he makes this statement:

"The actual contribution to the project amounted to $2,180, to-wit: $1,800 for double shift use in July and $380 for use in August, this latter amount being five days for double shift at $60 per day, and two days single shift at $40 per day." Also, that "the $2,400 paid by Megarrys exactly paid the guaranteed rentals."

The court was of opinion, speaking of the quoted guaranty clause: "Admittedly it does not mean that the second party guarantees that the earned rental will be paid, which would add nothing to the agreement, but refers rather to the total amount of rentals to be paid. It seems to me that it is not ambiguous. If there had been no use on double shift, rent only at the rate of $1,200 per month could have been collected. In other words, Megarry Brothers did not guarantee that use for double shift would be made. How, then, can the fact that use for double shift was made affect the guaranty?"

"The object of construction is to ascertain and give effect to the intention of the parties, as expressed in the language used." It is the aim of the court to carry out and make effective the mutual intention of the parties. As such, the standard of construction is the reasonable meaning of the language used, considered in the light of the circumstances. "The standard is objective rather than subjective." 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1816, and cases cited under notes.

Another principle always to be remembered is that: "So far as reasonably possible a construction is to be avoided which would lead to absurd or unjust results. A contract is to receive a reasonable construction." *Id.* § 1824, and cases cited.

"The language of a contract should be construed so as to subserve and not subvert the general intention of the parties." Wm. Lindeke Land Co. v. Kalman, 190 Minn. 601, 608, 252 N. W. 650, 653, 93 A. L. R. 1393.

It is obvious that what plaintiff was interested in getting *was adequate return for the use* of his equipment. That is why he insisted upon a guaranty clause so as to be sure that a definite amount of compensation would be forthcoming within the 60-day rental period. Under the terms of the agreement, it was not obligatory on the contractors' part to use the equipment "double shift." If, then, they had used the equipment only on single shift there clearly could be no remaining liability in the instant case. Here both shifts during the time the equipment was used amounted only to $2,180. The contractors met their obligation by paying the entire guaranteed sum of $2,400. If plaintiff's theory were to be adopted a situation something like this would be possible: The contractors might use the equipment 60 days on a single shift only and thereby be obligated to pay only the stipulated $2,400; but if they used the equipment on double shift over a period of only 30 days the total liability, under plaintiff's theory, would be $3,000, that is to say, $2,400 for the day shift under the guaranty and an additional $600 for the extra shift. Thus, because of double shift, the contractors would be penalized $600 because they got through with the use of the equipment in 30 instead of 60 days, thereby making the equipment available to plaintiff's use in half the time originally contracted for. Obviously, then, the *actual use* of the equipment would, under the supposed double shift use, be exactly the same as if the entire 60-day period had been used on single shift only. Such construction leads to "absurd" and "unjust" results. That neither party could have so intended seems clear. To so hold would *subvert* the general intention of the parties instead of *subserving* it. The 60-day rental, as so well stated by the court, admittedly "does not mean that the second party guarantees that the earned rental will be paid, which would add nothing to the agreement, but refers rather to the total amount of rentals to be paid."

Nor are we impressed with plaintiff's argument to the effect that the "double shift use is an extra" and that, as such, "It is obviously to defendant's advantage that plaintiff's contention be sustained; that this double shift use be set up as an extra, to be paid for in addition to the guaranteed rental." This, in view of the admission,

also set forth in his brief, that *"the actual contribution to the project amounted to $2,180,"* effectively disposes of plaintiff's claim. Under the explicit terms of the bond and the statutory requirements by virtue of which it was given, the conditions respecting the performance of the road construction contract have been met. The value of the entire use, both single and double shift, and all of the "actual contribution to the project" made by plaintiff's equipment, have been paid for. As far as the road project is concerned and "the completion of the contract in accordance with its terms" (2 Mason Minn. St. 1927, § 9700), nothing remains to be done or to be paid. If defendant as surety were to be held to liability now for the $700 demanded by plaintiff we would be imposing a penalty instead of enforcing a contract. Such result cannot obtain any more than could a claim for labor on this job be enforced by one who has done nothing toward "the completion of the contract," or, having labored, has been paid therefor.

Order affirmed.